# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

GARLAND MURRAY

    Plaintiff,

v.              CIVIL ACTION NO. 2:18-cv-00942

OFFICER LILLY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion for Leave to File Amended Rule 26(a)(3) Disclosure filed by the defendants, Officer Lilly, Donald Slack, James Smith, and William Sumpter. [ECF No. 191]. The plaintiff has responded, moving for a protective order or to quash the deposition and requesting that the defendants' Motion be denied. [ECF No. 194]. The matter is now ripe for adjudication.

The defendants wish to amend their Rule 26(a)(3) disclosures to list Dr. Charles Riddle as a witness appearing by videotaped deposition, rather than in person. On January 27, 2020, the defendants noticed the deposition of Dr. Riddle and set the deposition for February 11, 2020. The trial is set to begin February 18, 2020. There is no dispute that Dr. Riddle has been properly disclosed as an expert witness for the defendants. The plaintiff objects to the defendants' Motion on two grounds: (1) procedural, and (2) substantive. First, the plaintiff argues that allowing the defendants to depose Dr. Riddle for the purpose of having him appear by videotaped deposition, rather than in person, violates the Federal Rules of Civil Procedure—primarily because the

deadlines for depositions and Rule 26(a)(3) disclosures, outlined in the scheduling order, have passed. Second, the plaintiff argues that even if the amendment was procedurally proper, Dr. Riddle's testimony is not relevant.

I will first address the procedural issues raised by the plaintiff. The defendants wish to take an evidentiary deposition of Dr. Riddle. "Even though the [Federal R]ules [of Civil Procedure] provide no distinctions as between discovery and trial depositions, courts have recognized as a practical matter that, in fact, differences exist." *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354 (D. Colo. 2001); *see also Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01 CIV. 1290(CSH), 2005 WL 578917, at *6 (S.D.N.Y. Mar. 11, 2005); *Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991). Discovery depositions are taken for the purpose of discovering evidence while trial or evidentiary depositions are taken for the primary purpose of preserving testimony for trial. Several courts have allowed trial depositions after discovery deadlines have passed. *See e.g.*, *RL Assocs., LLC*, 2005 WL 578917 at 6.

Here, the defendants are clearly attempting to take a trial deposition. Dr. Riddle medically examined the plaintiff pursuant to a court order to compel medical examination. [ECF No. 72]. Dr. Riddle completed a report of that examination, which was properly disclosed to the plaintiff. Dr. Riddle has been disclosed as an expert witness for the defendants. The defendants largely know the content of Dr. Riddle's knowledge of the case. The purpose of Dr. Riddle's deposition is therefore to preserve his testimony on video for trial. Taking the deposition beyond the discovery deadline set forth in the scheduling order is thus permitted as a practical matter.

Furthermore, I do not find sufficient prejudice to the plaintiff to prevent the defendants from presenting Dr. Riddle's testimony through videotaped deposition rather than in person at trial.

If the brief timeframe between Dr. Riddle's scheduled deposition and the trial poses an obstacle, then the appropriate remedy is a continuance, not denying the defendants' request to take an evidentiary deposition.

I next turn to the plaintiff's argument concerning relevance of Dr. Riddle's testimony. It is apparent to the court that some of Dr. Riddle's findings from the medical examination directly contradict the plaintiff's deposition testimony. *See* Garland Murray Dep. Ex. C, 17, 19, 71–72 [ECF No. 192]; Defs.' Mem. in Supp. of Mot. to Am Rule 26(a)(3) Disclosure 5 [ECF No. 193]. If the plaintiff testifies at trial, then he will put his credibility at-issue. I find that Dr. Riddle's testimony is relevant to the plaintiff's credibility.

The defendants' Motion for Leave to File an Amended Rule 26(a)(3) Disclosure is therefore **GRANTED**. In so far as the plaintiff's response moves for a protective order or to quash the noticed deposition of Dr. Riddle, the plaintiff's motion is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 10, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE